Arlester E. SCOTT, Appellant,

v.

Jim JONES and William L. Webster, Appellees.

No. 89–2464WM.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1990.

Decided Oct. 3, 1990.

Shannon L. Spangler, Kansas City, Mo., for appellant.

Breck K. Burgess, Jefferson City, Mo., for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Arlester Scott sought habeas relief by petition filed in March 1988 for redress of alleged errors in two successive trials for the same first degree robbery charge, each resulting in a 25–year sentence. The district court[1] granted his petition on its first of seven points, double jeopardy. *Scott v. Jones*, 688 F.Supp. 510 (W.D.Mo.1988). A panel of this court reversed that order. *Scott v. Jones*, 862 F.2d 1311 (1988), *cert. denied,* — U.S. —, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989). Thereafter, the district court denied relief on Scott's remaining six points by its Memorandum Opinion and Order filed August 17, 1989. Scott appeals, advancing error on each point. We affirm the district court.

## I. BACKGROUND

Scott has been twice tried and convicted for the robbery of a Kansas City food store which occurred in March 1981. Both convictions relied heavily on certain fingerprint evidence on cardboard from a duct-tape container used in the robbery and an in-court ID of Scott as the taller of the two robbers. Whether Scott wore a beard at

1. The Late Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

the time of the robbery is disputed. He did not wear one at trial. The first conviction was set aside by the Missouri Court of Appeals in 1983 for evidentiary error. *State v. Scott*, 647 S.W.2d 601 (Mo.App. 1983). Scott's retrial, reconviction, and re-sentence were upheld by that court in 1985. *State v. Scott*, 699 S.W.2d 760 (Mo.App. 1985). Transfer to the Missouri Supreme Court was denied, as was state post-conviction relief. This habeas action is the most recent chapter in Scott's saga. We direct the reader to the published state court opinions above, as well as to the earlier opinions from this court and from the district court, for a recitation of the facts. We delineate only those facts helpful to an understanding of our abbreviated. discussion as this appeal does not merit extensive written discourse.

## II. DISCUSSION

Scott advanced six points in the district court and here. We take them seriatim from the district court's order of denial of last August. *See* Designated Record at 272–83.

■ First Scott argues that the evidence from his second trial was insufficient to support conviction. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires a federal court on habeas review for sufficiency of the evidence to determine whether a rational jury could reasonably reach a verdict of guilty beyond a reasonable doubt, drawing inferences in the prosecution's favor. *Id.* at 324, 326, 99 S.Ct. at 2791, 2792. As the district court noted, this issue is probably foreclosed by our first opinion, wherein we said "[t]here seems to be no doubt that the duct tape evidence coupled with the identification testimony presented a submissible case in which a jury could properly reach a guilty verdict." *Scott*, 862 F.2d at 1316 n. 2. Nevertheless, we have reviewed the second trial transcript for ourselves under the dictates of *Jackson*. Like the first panel in this case and the district court, we conclude

that Scott was convicted on sufficient evidence.[2]

■ Second Scott argues that the fingerprint evidence from the duct-tape was inadmissible because the state failed to show a proper chain of custody. This was, in part, the reason the Missouri Court of Appeals reversed Scott's first conviction. *Scott*, 647 S.W.2d at 607. The question of whether or not a chain of custody has been shown is one of state law, and state law questions are not very often the basis of constitutional error under habeas review. *Harrison v. Dahm*, 880 F.2d 999, 1001 (8th Cir.1989) (quoting *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976) (other citations omitted)). This issue, too, may be foreclosed by the same language quoted above from our earlier opinion in this matter. Again, however, our own determination is that no constitutional error occurred by the admission of the evidence concerning Scott's fingerprint on the cardboard from the duct-tape container.

Scott's next ground fails as well. He alleges that his cause challenges of certain jurors should have been granted because those jurors indicated that they would take the testimony of police officers more seriously than that of lay witnesses. However, as the district court pointed out, the trial transcript indicates that all the challenged jurors responded that they would weigh all testimony, according to instructions, based solely on what they heard from the stand and the demeanor of each witness. *See* Second Trial Transcript at 81–84.

■ Ground four of this appeal is the first of Scott's two ineffective assistance claims. He argues that his state appellate counsel was deficient for failing to brief a certain point from his motion for new trial after his second conviction. That point argued an evidentiary error in the admission of certain testimony concerning Scott's wearing a beard at the time of the crime as irrelevant. As with the fingerprint evi-

2. Our review considers the fingerprint evidence, despite Scott's protestations, because we have resolved this issue against him in our continuing discussion.

dence, this is a state law question. If a federal question were raised, we would apply *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Horne v. Trickey,* 895 F.2d 497, 499 (8th Cir.1990). Under *Strickland,* Scott has not shown deficiency of counsel, much less prejudice, by failure of his appellate counsel to brief an evidentiary decision decided against him. However, we conclude, as did the district court, that the evidentiary determination and the failure to brief it on appeal do not give rise to a federal question reviewable in a habeas petition.

■ The next ground addressed by the district court was that Scott was denied his right to take the stand in his own defense and denied his right to counsel, because of the trial court's decision to abide by the Missouri statute on impeachment of witnesses. According to Scott, because Missouri law [3] permits a witness to be impeached by the introduction of prior convictions and because the trial court refused to limit such introductions in the event that Scott testified, he and his trial counsel were prevented from making their own decision on whether or not he should testify. The district court concluded that this argument did not make a claim cognizable in habeas review. Earlier, the Missouri Court of Appeals had rejected this argument on appeal of Scott's first conviction, *Scott,* 647 S.W.2d at 610, relying on the precedent from the Missouri Supreme Court of *State v. Williams,* 603 S.W.2d 562, 568–69 (Mo. 1980). For our part, we note that "[i]t is axiomatic that when a defendant takes the stand in his own behalf he may be cross-examined with respect to prior felony convictions." *Montgomery v. United States,* 403 F.2d 605, 611 (8th Cir.1968) (describing predecessor Missouri statute as one abolishing the rule that persons with criminal convictions could not testify) (citations omitted), *cert. denied* 396 U.S. 859, 90 S.Ct. 126, 24 L.Ed.2d 110 (1969).[4] Scott has not

made out a constitutional claim for habeas review on this point.

■ The last ground from Scott's petition and addressed by the district court is Scott's second ineffective assistance claim. Second trial counsel for Scott declined to call certain witnesses, most particularly Scott's former girlfriend, who could have testified as to an alibi and whether Scott wore a beard. The district court's careful analysis of this claim cannot be usefully supplemented by us. *See* Designated Record at 277–83. We agree with it that Scott's second trial counsel's decisions were not unreasonable and that they did not result in ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While the Missouri "trial strategy" standard appears to have infected the analysis of the state courts, review under *Strickland* proves nothing of constitutional magnitude.

Scott's appeal also advances a cumulative error theory. This court has said that cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own. *Byrd v. Armontrout,* 880 F.2d 1, 11 (8th Cir.1989) (quoting *Lee v. Lockhart,* 754 F.2d 277, 279 (8th Cir.1985)), *cert. denied,* — U.S. —, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990). This claim fails on that precedent, and, in fact, was not even presented to the district court.

## III. CONCLUSION

Finding no grounds for habeas relief and no error in the district court's denial of Scott's grounds for habeas relief, we affirm that denial in all respects.

---

**3.** The current version of the statute of which Scott complains is at Mo.Rev.Stat. § 491.050 (1986).

**4.** In *Drake v. Wyrick,* 640 F.2d 912, 916 (8th Cir.1981), we declined to consider a similar argument with respect to § 491.050 because the argument had not been made to the Missouri state courts first.