977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Daniel Lee WARE, Appellant,
v.
Crispus NIX, Appellee.
 No. 91-3224.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 5, 1992.
Filed: October 13, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel Lee Ware, an Iowa inmate, appeals the District Court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988). He claims that the State improperly suppressed exculpatory evidence during his trial proceedings, that he was denied effective assistance of his trial, appellate, and postconviction counsel, and that he was denied due process by the aggregate effect of all of his alleged errors. We affirm.
 
 
 2
 We conclude the District Court properly denied on the merits Ware's claims that his appellate counsel denied him effective assistance. Ware failed to show a reasonable probability that the outcome of his direct appeal would have been different if his appellate counsel had argued that the trial court erred in denying his motion for a continuance and had argued differently that the trial court erred in admitting hearsay statements. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Ware's half-brother and codefendant, Albert Ware, had argued in his direct appeal that the trial court erred in denying the motion for a continuance, and the Iowa Supreme Court rejected the argument. State v. Ware, 338 N.W.2d 707, 713-14 (Iowa 1983). Also, the Iowa Supreme Court held in Albert Ware's and Daniel Ware's direct appeals that the hearsay statements were properly admitted for impeachment purposes. Id. at 712-13; State v. Ware, 338 N.W.2d 717, 719 (Iowa 1983).
 
 
 3
 We also conclude the District Court properly denied on the merits Ware's claims of ineffective assistance of postconviction counsel and denial of due process by the aggregate effect of all alleged errors. See Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991) (because there is no constitutional right to counsel in state postconviction proceedings, federal habeas petitioner cannot claim ineffective assistance in those proceedings); Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own"), cert. denied, 111 S. Ct. 1626 (1991) (citations omitted). We finally conclude that the District Court properly denied as procedurally barred Ware's claims of ineffective assistance of trial counsel and suppression of exculpatory evidence.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable R.E. Longstaff, United States Magistrate Judge for the Southern District of Iowa, now United States District Judge