**Edward McDOWELL, Appellant,**

v.

**Walter LEAPLEY, Warden, Appellee.**

**No. 92–1339.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1992.

Decided Jan. 15, 1993.

Rehearing Denied Feb. 5, 1993.

David V. Vrooman, Sioux Falls, SD, for appellant.

Craig M. Eichstadt, Deputy Atty. Gen., Pierre, SD, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE*, Senior District Judge.

VAN SICKLE, Senior District Judge.

This case comes before this court on an appeal from an order by the District Court[1] denying Edward McDowell's petition for a writ of habeas corpus. McDowell was convicted of first degree murder of his wife by a South Dakota court in 1984. He appealed that conviction and the South Dakota Supreme Court affirmed. *State v. McDowell*, 391 N.W.2d 661 (S.D. 1986). McDowell then brought a petition for habeas relief in the state court, which was denied and the denial upheld in an appeal to the South Dakota Supreme Court.

*McDowell v. Solem,* 447 N.W.2d 646 (S.D. 1989). McDowell next brought a habeas corpus petition in the United States District Court, which was denied. We reversed that denial in an unpublished opinion, directing the district court to develop more fully the record and consider McDowell's claims. *McDowell v. Leapley,* 938 F.2d 188 (8th Cir.1991). The district court held hearings on the petition and again denied relief. *McDowell v. Leapley,* Civ. No. 90–4093, January 3, 1992.

Thus, this is the seventh review of this conviction. As we said in *Scott v. Jones,* "We delineate only those facts helpful to an understanding of our abbreviated discussion as this appeal does not merit extensive written discourse." 915 F.2d 1188, 1190 (8th Cir.1990). Finding no error in the review by the district court we affirm.

■ In reviewing the action of the district court we are bound by the confines of the habeas corpus statute, 28 U.S.C. § 2254, and can only find for the petitioner if we find one of the conditions listed there. We must give deference to the findings of the state court and the burden is on the petitioner to "establish by convincing evidence that the factual determination of the state court was erroneous." *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We review the legal conclusions of the lower court de novo. *Huls v. Lockhart,* 958 F.2d 212 (8th Cir. 1992).

Petitioner contends that there are a number of reasons the petition should be granted. We consider them seriatim as the district court discussed them.

*A. Death Qualified Jury.*

■ Before trial, the prosecutor announced his intention to seek the death penalty. He thus was allowed to pick a "death qualified" jury. After the verdict of guilty the prosecutor declined to continue to seek the death penalty. McDowell contends that the prosecutor did not intend

---

* The Honorable Bruce M. Van Sickle, Senior District Judge, District of North Dakota, sitting by designation.

1. The Honorable John S. Jones, Chief Judge, District of South Dakota.

to seek the death penalty at the outset, but used the "death qualification" as a ploy to get a jury more likely to convict. This, petitioner claims, violated his Sixth Amendment rights.

The state courts and the court below found that the prosecutor articulated valid reasons for his change of heart, and McDowell has not shown that finding to be erroneous. However, even if McDowell is correct in his assertion about the prosecutor's intentions from the outset, he is not entitled to relief. Allowing a death qualified jury to determine guilt does not violate any of the defendant's constitutional rights. *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).

### B. *Prosecutorial Misconduct.*

■ McDowell contends that there were numerous instances where the prosecutor acted improperly in a manner which made the trial unfair. A defendant is entitled to a fair trial, but need not be given a perfect trial. *United States v. Kaminski*, 692 F.2d 505 (8th Cir.1982). The district court considered each of the claimed improprieties in depth. We see no reason to repeat that discussion here. We have reviewed the claims made by petitioner and the findings of the district court, and find that the petitioner has failed to show that those findings are erroneous.

### C. *Death Threat.*

■ The court allowed evidence to be presented to the jury that petitioner had threatened to kill his wife eight years earlier. This was for the purpose of showing premeditation. In addition to this threat, evidence was received of three other death threats made by McDowell against his wife. Thus, as the district court properly found, this evidence was "particularly inoffensive."

### D. *Corroboration.*

McDowell contends that there was insufficient corroboration of the co-conspirator's testimony. The instruction given on this question is a valid statement of South Dakota law, and the question of the sufficiency of the corroboration is for the jury. There is ample evidence in the record from which the jury could have found adequate corroboration.

### E. *Miranda Warning.*

■ McDowell claims that he was not given his *Miranda* warnings properly before being questioned. The court below found that McDowell was not in custody during these sessions, and that no *Miranda* warnings were necessary. That holding is supported by *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983). Moreover, the first two of these sessions began with a polygraph examination, and the *Miranda* warnings were given prior to that questioning. When the polygraph was turned off the questioning continued, without renewing the *Miranda* warnings. Even if petitioner was in custody, the warning given at the outset of the interrogation was adequate to apprise McDowell of his rights, and the officers were not required to repeat it just because the questioning continued at the conclusion of the polygraph test.

### F. *Admonishing and Sequestration.*

■ The next error McDowell claims is the court's failure to admonish the jury properly, as required by South Dakota law. The court below found that "[t]he record indicates that there was substantial compliance with the statute", S.D.C.L. 23A–24–5. This statute requires the court to admonish jurors at each adjournment of court, "not to converse, among themselves or with anyone else, on any subject connected with the trial, or to form or express any opinion thereon, until the case is finally submitted to them." Apparently the court did not admonish the jury as a group during the time spent selecting the jury, which was the first seven days of trial. As each juror was qualified the court then admonished that person about avoiding news reports, etc. After the trial began, the court admonished the jury each day. As the district court held, there is no evidence that this resulted in an unfair trial. This court has held that a failure to admonish is not automatically reversible error. *United States v. Dixon*, 913 F.2d 1305, 1312 (8th Cir.1990).

■ As to sequestration, South Dakota law entrusts this decision to the sound dis-

cretion of the trial judge. *State v. Disbrow*, 266 N.W.2d 246 (S.D.1978). Therefore, we cannot find error in this ruling.

### G. Ineffective Assistance of Counsel.

McDowell argues that his counsel was ineffective under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Again, the state courts and the district court found that the actions of counsel were not violative of those standards, and McDowell has not shown those findings to be erroneous.

### H. Cumulative Error.

McDowell lastly alleges that, even though the above allegations individually do not entitle him to relief, the cumulative effect of them requires that he be given relief. However, as the court below ruled, cumulative error is not grounds for federal habeas relief as "each habeas claim must stand or fall on its own." *Scott v. Jones*, supra at 1191.

Accordingly, we affirm the action of the district court in denying relief to petitioner.