**Benjamin Franklin FREEMAN,**
**Petitioner,**

**v.**

**Joseph CLASS, Warden, South Dakota State Penitentiary, and Mark A. Barnett, Attorney General, State of South Dakota, Respondent.**

**No. CIV 95–3013.**

United States District Court,
D. South Dakota,
Central Division.

Nov. 28, 1995.

Jack Gunvordahl, Burke, South Dakota, for petitioner.

Mark Barnett, Attorney General and Scott Bogue, Asst. Atty. Gen., Pierre, South Dakota, for respondent.

## MEMORANDUM OPINION AND ORDER

KORNMANN, District Judge.

This comes before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254. The claim is ineffective assistance of counsel. Petitioner has exhausted the remedies available in the state courts and this Court, therefore, has jurisdiction. 28 U.S.C. § 2254(b).

The South Dakota Supreme Court found that trial counsel's representation was deficient but did not believe the defendant (petitioner herein) was deprived of a fair trial. *Freeman v. Leapley,* 519 N.W.2d 615 (S.D. 1994). After review of the entire record, this Court is of the opinion that the writ should be granted and the petitioner given a new trial.

### PROCEDURAL HISTORY

Petitioner, Benjamin Franklin Freeman, was found guilty in state court by a Gregory County, South Dakota, jury of the crime of grand theft on April 22, 1991. The conviction was affirmed on direct appeal to the

South Dakota Supreme Court. *State v. Freeman*, 487 N.W.2d 629 (S.D.1992). Thereafter, on August 28, 1992, petitioner filed a petition for writ of habeas corpus, alleging ineffective assistance of counsel, in the state circuit court. A state circuit judge, on November 17, 1992, denied the request for the writ. The South Dakota Supreme Court affirmed the denial. *Freeman v. Leapley*, 519 N.W.2d 615 (S.D.1994).

## FACTS

On February 2, 1991, in Bonesteel, South Dakota, a 1982 Oldsmobile Firenza was stolen. Petitioner was charged and convicted for this theft. The state's witnesses and a brief summary of the testimony of each is as follows:

● Mark Getman, owner of the car in question. He testified as to the identification and value. On the night in question he saw David Primeaux, the alleged accomplice (who was promised immunity), but did not see petitioner at a bar.

● Virginia Donahue, mother of Mark Getman, and co-owner of the vehicle in question. She awoke on the night in question and noticed the car was not at her residence. She therefore thought her son was not home. On checking, she found that he in fact was home. Therefore, she reported the car stolen.

● Marvin Jons, manager of the Bonesteel municipal liquor store. He saw petitioner and Primeaux on the night in question. Petitioner used the telephone but the witness could not hear any portion of the conversation.

● Julie Miller. She worked at a convenience store in Yankton, South Dakota. On the morning of February 2, 1991, she saw David Primeaux in her store. She did not see petitioner. Primeaux wanted a road map and stated that he had stolen a car. She thought she saw Primeaux enter the driver's side of the car in question, and drive away. She did not remember seeing anyone else with Primeaux.

● John Evanson, state trooper. He came upon petitioner and Primeaux during the early morning hours of February 2, 1991. They were on foot and wanted a ride.

They told the trooper that they had been sleeping in a car and that the owner had caught a ride to Yankton. The trooper found the car about a quarter mile down the road. He opened the hood and felt the exhaust manifold. It was very hot. He saw no tire tracks on the early morning frost other than from the patrol car and the car in question. He then returned to petitioner and Primeaux and found keys on the petitioner. The trooper, moments later, gave these keys to a tow truck operator.

● Gary Townsend, tow truck operator. He picked up the stolen car and testified that the keys given to him by Trooper Evanson fit the ignition.

● Michael Hiedema, Yankton County deputy sheriff. He took Primeaux's statement. Petitioner did not want to talk and said nothing.

● David Primeaux. He testified that petitioner stole the car.

This is the complete list of the witnesses called by the prosecution at trial. The defense did not call any witnesses. Petitioner alleges ineffective assistance of counsel in the following particulars:

1. Trial counsel did not ask for a cautionary instruction that the jury must consider with caution the testimony of an accomplice or one granted immunity.

2. Trial counsel neglected to request any jury instruction on corroboration when the only evidence linking petitioner to the theft was the testimony of an accomplice.

3. Trial counsel did not object to hearsay statements that were prejudicial.

4. Trial counsel introduced a written statement of the accomplice that was hearsay and damaging to petitioner. The statement would not have been admissible had the prosecution tried to introduce it.

5. Trial counsel failed to move for a directed verdict at the end of the state's case.

6. Trial counsel failed to object or move for a mistrial when the state's attorney elicited from a state witness on direct examination the fact that petitioner declined to make a statement following his arrest.

7. Trial counsel did not submit any supporting affidavit for the change of venue motion, nor did counsel submit any authority to substantiate her motion.

Respondent argues that certain issues are procedurally barred from review in this proceeding, i.e. the admission of the accomplice's testimony at trial, the denial by the trial judge of the motion for change of venue, and the ruling that would have allowed the use of prior convictions for impeachment purposes. Petitioner, however, asserts only one core claim. That claim is denial of effective assistance of counsel as enumerated above.

## STANDARD OF REVIEW

■ The Sixth Amendment to the United States Constitution provides that the accused, in all criminal prosecutions, shall have the assistance of counsel. It follows that due process under the Fourteenth Amendment makes the Sixth Amendment right to counsel applicable in state criminal proceedings. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel is the right to "the effective assistance of competent counsel." *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970), citing, inter alia, *Reece v. Georgia,* 350 U.S. 85, 90, 76 S.Ct. 167, 170, 100 L.Ed. 77 (1955). "The purpose of the effective assistance guarantee is ... to ensure that criminal defendants receive a fair trial." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

The United States Supreme Court set forth an analysis to be followed in federal habeas corpus cases in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Only constitutional errors which are not harmless require reversal of a conviction. *Chapman v. California,* 386 U.S. at 22, 87 S.Ct. at 827. The *Chapman* harmless error analysis told us that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. at 24, 87 S.Ct. at 828.

The Supreme Court altered the *Chapman* analysis in *Brecht v. Abrahamson,* 507 U.S.

619, ——, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). The Supreme Court held that the correct harmless error standard in most habeas corpus cases is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson,* supra, quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946). See *Orndorff v. Lockhart,* 998 F.2d 1426, 1430 (8th Cir.1993).

The Eighth Circuit reconciled *Brecht* and *Chapman* by holding that "the rule announced in *Brecht* does not apply and that the *Chapman* harmless error standard is the appropriate test" when "the state courts did not have the opportunity to review the error at all and the federal habeas court was the first court to review the constitutional error under the *Chapman* harmless error standard." *Orndorff v. Lockhart,* 998 F.2d at 1430. "The court's mere citation of *Chapman* in lieu of a plain statement summarizing its analysis does not suffice." *Rust v. Hopkins,* 984 F.2d 1486, 1495 (8th Cir.1993). "Considering an issue and finding no error does not carry with it an implicit *Chapman* analysis." *Starr v. Lockhart,* 23 F.3d 1280, 1292 (8th Cir.1994).

The Eighth Circuit recently visited the *Chapman–Brecht* standards in *Hill v. Lockhart,* 28 F.3d 832 (8th Cir.1994). There the Circuit Court held that the prejudice inquiry necessary in reviewing ineffective assistance of counsel claims set forth in *Strickland* is analogous to the harmless error analysis of *Chapman* and *Brecht. Hill v. Lockhart,* 28 F.3d at 838. Therefore, "it is unnecessary to add a separate layer of harmless-error analysis to an evaluation of whether a petitioner in a habeas case has presented a constitutionally significant claim for ineffective assistance of counsel." *Hill v. Lockhart,* 28 F.3d at 839.

■ The Eighth Circuit set forth the standards for judging an ineffective assistance of counsel claim as follows:

A petitioner's claim "that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the [petitioner] must show that counsel's performance was

deficient.... Second, the [petitioner] must show that the deficient performance prejudiced the defense. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."

*Hill v. Lockhart,* 28 F.3d at 837, quoting *Strickland v. Washington,* 466 U.S. at 687, 700, 104 S.Ct. at 2064, 2071. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" *Hill v. Lockhart,* 28 F.3d at 837, quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066.

"[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. The defendant must [therefore] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."

*Hill v. Lockhart,* 28 F.3d at 837—838, quoting *Strickland v. Washington,* 466 U.S. at 691—695, 104 S.Ct. at 2067—2069. It is thus a two-step analysis which determines whether a constitutionally significant error occurred.

Each of the alleged deficiencies will be considered on the basis set forth in *Hill v. Lockhart.* "Cumulative error is not grounds for federal habeas relief as 'each habeas claim must stand or fall on its own.'" *McDowell v. Leapley,* 984 F.2d 232, 234 (8th Cir.1993), quoting *Scott v. Jones,* 915 F.2d 1188, 1191 (8th Cir.1990). "[I]ndividual constitutionally insignificant errors cannot be aggregated to create a constitutional violation." *United States v. Stewart,* 20 F.3d 911, 917 (8th Cir.1994). See also *Girtman v. Lockhart,* 942 F.2d 468, 475 (8th Cir.1991) (cumulative effect of ineffective assistance of counsel claims does not call for habeas relief).

## 1. TRIAL COUNSEL FAILED TO ASK FOR A CAUTIONARY INSTRUCTION THAT THE JURY MUST CONSIDER WITH CAUTION THE TESTIMONY OF AN ACCOMPLICE OR ONE GRANTED IMMUNITY.

The only direct evidence in the record linking petitioner to the theft of the automobile is from the testimony of the accomplice, David Primeaux. The evidence at trial revealed that David Primeaux was to have the charges against him dismissed if he testified against petitioner. Trial counsel did not request a cautionary instruction about accomplice testimony, nor for that matter, any other instruction.

 This Court must look to state law concerning credibility instructions. See *Williams v. Armontrout,* 912 F.2d 924, 934 (8th Cir.1990). The South Dakota Pattern Jury Instructions (SDPJI) contain an instruction that

"You are instructed that the testimony of an accomplice ought to be viewed with caution. This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with great care and caution and in the light of all the evidence in the case." SDPJI 1–14–8.

If requested, this instruction must be given. Comment to SDPJI 1–14–8. A defendant is entitled to a special cautionary instruction on the credibility of an accomplice where the testimony implicating the accused is solely from the accomplice. This is to ensure that a verdict based on the testimony of one having a reason to lie not be lightly reached. *United States v. Garcia,* 528 F.2d 580 (5th Cir. 1976).

The prosecution's case turned upon the accomplice's testimony and the weight given to his testimony was crucial to the outcome of the case. Failure to give a cautionary instruction in all probability produced some

effect upon the jury verdict. *State v. Beene,* 257 N.W.2d 589, 592 (SD1977).

In evaluating a claim of ineffective assistance of counsel, the petitioner must "overcome a 'strong presumption' that his counsel's actions constituted reasonable trial strategy under the circumstances." *Sanders v. Trickey,* 875 F.2d 205, 207 (8th Cir.1989), quoting *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In its review of this case, the state Supreme Court noted that there was nothing to lose in making a request for this type of instruction and, therefore, it was not a reasonable tactical decision. *Freeman v. Leapley, supra.* I agree. There is nothing in the record to indicate the basis of trial counsel's failure to request a cautionary instruction, and this Court finds that there is no reasonable trial strategy in failing to do so.

Respondent contends that the failure to give a cautionary instruction is a collateral attack on the judgment which is not cognizable on habeas review. The Court rejects this contention since petitioner urges this as something that counsel should have done regardless of the trial court's ruling. If counsel had made the request, and the trial court denied the request, there would be no grounds for claiming ineffective assistance of counsel on this issue.

Trial counsel was remiss in not requesting a cautionary instruction. Failure to make the request was highly prejudicial to the petitioner to the extent that the fundamental fairness of the proceeding and the conviction was undermined. The jury was not properly instructed because of counsel's deficient performance. Had it been so instructed, it may well have discredited the testimony, the only direct evidence that linked petitioner to the theft of the automobile. There is a strong probability that the result of the trial would have been different. *Hill v. Lockhart,* supra.

2. **TRIAL COUNSEL'S OMISSION TO REQUEST AN INSTRUCTION ON CORROBORATION.**

Under South Dakota law A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to

connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

SDCL 23A-22-8; SDPJI 1-14-7. If requested by the defendant, the jury must be instructed as above. Comment to SDPJI 1-14-8. There is circumstantial evidence linking petitioner to the crime such as being seen in the area before the theft, walking in close proximity to the stolen car after the theft, and having the keys to the car in his coat pocket. Whether evidence exists, however, that corroborates an accomplice's testimony is a question for the jury. *State v. Sondreal,* 459 N.W.2d 435, 439 (S.D.1990). Even though the South Dakota Supreme Court, in reviewing the evidence corroborating the accomplice testimony, found that it was sufficient, "this finding does not determine how a jury would have reacted to the issue in the first instance." *Harris v. Housewright,* 697 F.2d 202, 211 (8th Cir.1982). Freeman need not establish that he had a conclusive accomplice testimony defense. *Id.*

Trial counsel's failure to raise a known defense of potential merit is evidence that trial counsel's overall performance was below the level and skill required for effective assistance of counsel. *Id.* The South Dakota Supreme Court noted that such an instruction certainly would not have harmed petitioner's defense, and did not believe it was a tactical decision not to request the instruction. This Court agrees that trial counsel was extremely deficient in not making the request.

Respondent contends, however, that there was substantial corroborating evidence in the record, and therefore, an instruction in this regard would have been perfunctory. This Court does not view the evidence elicited in this case to be substantial. A properly instructed jury may well have rendered a different decision. Not giving such an instruction deprived petitioner of a jury that would give an appropriate analysis to the evidence presented. The Court finds that this omission prejudiced the defense and undermined the fundamental fairness of the trial. There is a reasonable probability that, absent counsel's error, the jury would have had a reasonable doubt respecting guilt.

### 3. TRIAL COUNSEL'S FAILURE TO OBJECT TO HEARSAY STATEMENTS THAT WERE PREJUDICIAL.

The state trooper testified at trial that, at the time he was cuffing Primeaux, Primeaux mentioned that petitioner had been the driver of the car. Primeaux testified that petitioner stated he was going to try to steal a car. Respondent argues that these statements were admissible as exceptions to the hearsay rule, citing SDCL 19–16–3(1) for the proposition that a party's own statement offered against him is not hearsay.

Under South Dakota Law, any statement made by and offered against a party is not hearsay and is therefore admissible. SDCL 19–16–3(1). No objection to petitioner's statements need have been made. The error was in failing to instruct as to Primeaux's credibility, as discussed above.

The statements made by the trooper, on the other hand, were inadmissible hearsay. However, failure to object to these statements did not prejudice petitioner since Primeaux himself testified. This evidence was cumulative and did not in all likelihood have an adverse impact upon petitioner's right to a fair trial.

### 4. TRIAL COUNSEL'S INTRODUCTION OF A WRITTEN STATEMENT OF THE ACCOMPLICE THAT WAS HEARSAY.

Defendant's (petitioner herein) exhibit "A" was a statement by Primeaux indicating that petitioner stole a car. When trial counsel offered it into evidence, the prosecutor did not object and indicated he would have submitted it himself if he thought there would not be any objection.

There was no reasonable trial strategy in introducing this exhibit. Without this information, the jury could have easily concluded that the only evidence against petitioner, other than Primeaux's testimony at trial, was the keys to the stolen car that were found in his pocket. It would be difficult to find guilt beyond a reasonable doubt from this quantum of evidence. It was deficient on counsel's part to introduce this exhibit and was also clearly prejudicial to the defense. A component that made it particularly damaging was that it was introduced by the defense. The jury may not have given much weight to the statement, but when it came before them from the defense, they would be more inclined to treat it as tantamount to an admission by the defense. Defense counsel engaged in reverse bolstering. This error produced a result at the trial that was unreliable. This deficiency on the part of counsel, and its resultant prejudicial effect, also warrants a new trial.

### 5. TRIAL COUNSEL'S OMISSION TO MOVE FOR A DIRECTED VERDICT.

Trial counsel did not move for a directed verdict at the close of the state's case. Respondent argues that, in light of the ample corroborating evidence, the motion would have been denied. An examination of the record, however, raises a question whether the corroborating evidence did anything more than show that the crime was committed, and the circumstances of it. SDCL 23A–22–6. As stated, the only evidence linking petitioner to the crime was the keys that were found in his pocket and the accomplice's testimony that petitioner stole the car. This could have easily been determined not to be sufficient to submit it to the jury, given the weight properly afforded the accomplice's testimony under the circumstances.

No trial strategy can be envisioned for not making the motion. The defense had absolutely nothing to lose. Again, the trial court very well could have concluded that the evidence was insufficient and have taken the case from the jury. This omission deprived the petitioner of fundamental fairness.

### 6. TRIAL COUNSEL'S FAILURE TO OBJECT OR MOVE FOR A MISTRIAL WHEN THE PROSECUTOR ELICITED FROM TWO STATE WITNESSES THE FACT THAT PETITIONER DECLINED TO MAKE A STATEMENT AFTER HIS ARREST AND WHEN THE PROSECUTOR ALLUDED TO POST ARREST SILENCE IN CLOSING ARGUMENTS.

During the trial, the prosecutor questioned the state trooper and deputy sheriff concern-

ing petitioner's exercise of his right to remain silent after being given his Miranda warnings. The prosecutor also stated in his closing argument that individuals have the right to remain silent but that Primeaux cooperated and did not exercise that right. There was no objection by defense counsel. Petitioner submits that this was deficient on the part of trial counsel, and resulted in prejudice to the defense. Respondent replies that the South Dakota Supreme Court noted that "defense counsel may have made a reasonable tactical decision that such testimony was not harmful to the defense."

 A criminal defendant has the constitutional right to remain silent when taken into custody. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1620, 16 L.Ed.2d 694 (1966). The Fifth Amendment, applicable to the states by the Fourteenth Amendment, forbids comments by the prosecution drawing attention to the accused's silence. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). A prosecutor may not impeach a defendant on the basis on his post arrest silence. To do so violates due process. *Doyle v. Ohio,* 426 U.S. 610, 617, 96 S.Ct. 2240, 2244, 49 L.Ed.2d 91 (1976). The prosecutor's actions in eliciting testimony that the accused invoked his Miranda warning also constitutes a Doyle violation. *United States v. Wiley,* 29 F.3d 345, 349 (8th Cir.1994). "Reference to the silence of an accused usually is impermissible, because it is fundamentally unfair for the government to induce silence through Miranda warnings and then later use this silence against the accused." *United States v. Harris,* 956 F.2d 177, 181 (8th Cir.1992), citing *Doyle v. Ohio,* 426 U.S. at 617–618, 96 S.Ct at 2244–45.

 It would have been reversible error for the prosecutor, over objection of defendant, to have commented on the defendant's exercise of his constitutional right to remain silent. *United States v. Nolan,* 416 F.2d 588, 593 (10th Cir.1969). Trial counsel's inaction allowed the jury to equate petitioner's silence with guilt. There was no reasonable tactical reason why defense counsel did not object to these comments. A motion for a mistrial would also have been appropriate and should have been made. At a minimum, defense counsel should have requested an admonition from the trial court, instructing the jury to disregard such matters.

 Failures of counsel clearly prejudiced petitioner. *State v. McBride,* 296 N.W.2d 551, 555 (S.D.1980). The question as to harmless error depends upon "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967), quoting *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). Contrary to the South Dakota Supreme Court's holding on direct appeal, *Freeman v. Leapley,* 519 N.W.2d 615, 618 (S.D.1994), the evidence against petitioner was not overwhelming. Again, there is a reasonable probability that, absent trial counsel's error, the jury would have had a reasonable doubt respecting guilt.

### 7. TRIAL COUNSEL'S FAILURE TO SUBMIT ANY SUPPORTING AFFIDAVIT OR AUTHORITY TO SUBSTANTIATE THE MOTION FOR CHANGE OF VENUE.

At the omnibus motions hearing held on March 21, 1991, the trial court addressed the motion for a change of venue. It was denied for inadequacy of support. The trial judge also stated that he doubted it could be supported, but since it was not, the motion was denied.

Petitioner contends that this amounted to ineffective assistance of counsel. Since there is no evidence in the record of pre-trial publicity, or any indication that petitioner could not receive a fair trial in Gregory County, it would be difficult to fault trial counsel for failure to even make the motion. It follows that ineffectiveness should not be found on the basis of counsel having failed to furnish evidence to support the motion.

### CONCLUSION

Petitioner is entitled to another trial on the basis of each of the errors set forth in points one, two, four, five, and six above. There is a reasonable probability, as articulated in

*Hill* and *Strickland,* that absent the errors, the result of petitioner's trial would have been different. Petitioner is entitled to a writ of habeas corpus.

Now, therefore,

IT IS ORDERED

(1) That petitioner's petition for a writ of habeas corpus is granted.

(2) That petitioner shall be released from custody unless the State retries him within 45 days.