**Thomas L. RAUSCHER, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent.**

**No. 12704.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 16, 1979.

Decided May 7, 1980.

John P. Abbott, Brandon, for petitioner and appellant.

Lori Wilbur, Asst. Atty. Gen., Pierre, for respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

PER CURIAM.

In his petition for post-conviction relief Thomas Rauscher challenged the constitutionality of two jury instructions used in his third-degree burglary trial.[1] The trial court dismissed Rauscher's petition because of his failure to object to the instructions at any time prior to his bid for post-conviction relief. We affirm.

Rauscher argues that Instruction 6, the "natural and probable consequences" instruction, violates the Fourteenth Amendment's requirement that the state prove every element of a criminal offense by shifting the burden of persuasion to the defendant.[2] He argues that Instruction 5

---

1. *State v. Rauscher*, 267 N.W.2d 582 (S.D. 1978).

2. Instruction 6 reads:
   An intent to do an act is a purpose or determination formed in the mind to do the act. Intent is a state or condition of the mind. The intent with which an act was done is to be determined from any direct evidence such as the statement of purpose or intent of the person doing the act as well as from all the evidence, facts and circumstances shown relating to the act charged. In such connection you are entitled to consider in light of general human experience the nat-

ural, probable and usual consequences of the acts and conduct shown and any facts and circumstances shown explaining such acts and conduct or tending to show with what purpose or intent or want thereof the perpetuator [sic] thereof acted.

Since the human mind functions with great rapidity such an intent can be formed instantly before committing the act by which it is carried into execution and to establish such intent it is not necessary that it be shown that the intent had been formed and existed for any considerable time before the act but it is sufficient if it be shown that the

removes the element of specific intent from the burglary charge, making the crime one of malum prohibitum.[3]

Only trial errors of a constitutional magnitude are reviewable in post-conviction proceedings. *Fanning v. State*, 85 S.D. 246, 180 N.W.2d 853 (1970); SDCL 23–52–1. Occasionally, errors in the giving of jury instructions rise to constitutional dimensions. *Zemina v. Solem*, D.C., 438 F.Supp. 455 (1977); aff'd. 573 F.2d 1027 (8th Cir. 1978). The test is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 374 (1973). The United States District Court in *Zemina*, supra, noted that the standards for determining whether there was a due process violation include whether objections were made at trial to the given instructions and whether other instructions were requested. *See, Thwing v. State of South Dakota*, 470 F.2d 351 (8th Cir. 1972).

At trial, Rauscher did not object to either instruction that he now complains of. He did not request any additional instructions. He did not attempt to correct any error in the instructions by a motion for new trial or an assignment of error on appeal. Rauscher's failure to use any of these alternatives injected into the process the type of error the alternatives were designed to avoid. *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Spratlin v. Solem*, 577 F.2d 56 (8th Cir. 1978).

We note that in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the United States Supreme Court held that an instruction to the effect that "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates the requirements of the Four-teenth Amendment that the state must prove every element of a criminal offense beyond a reasonable doubt. Instruction 6 does not contain the imperative found within the language of the instruction struck down in *Sandstrom*. Rather, it is couched in terms of an inference that the jury might permissibly draw from defendant's actions. Whether an instruction similar to Instruction 6 should be given over timely objection we need not decide here. Cf. *Sandstrom v. Montana*, 442 U.S. at 527, 99 S.Ct. at 2461, 61 L.Ed.2d at 53 (Rehnquist, J., concurring). Suffice it to say that in the circumstances of this case the giving of Instruction 6 did not rise to the level of constitutional error.

The order of the trial court is affirmed.

---

intent had been formed and existed at the time the act was committed.

**3.** Instruction 5 reads:

In crimes such as these of which the Defendant is charged in the information, there must exist a union or joint operation of act or conduct and criminal intent. To constitute criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he is acting with criminal intent, even though he may not know that his act or conduct is unlawful.