Daniel GROOMS, Petitioner and Appellant,

v.

STATE of South Dakota, Appellee.

No. 13562.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1982.

Decided June 2, 1982.

Scott C. Petersen of McFarland & Petersen, Sioux Falls, for petitioner and appellant.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

DUNN, Justice.

Daniel Grooms (appellant) was convicted by a jury of grand theft on August 9, 1979. Appellant's trial counsel failed to timely appeal from the conviction. In his petition for post-conviction relief, appellant contends that he was denied effective assistance of trial counsel. We agree, reverse and remand for a new trial.

Lyle Nelson, Marcia Lord, and appellant arrived in a pickup at the Gorder ranch near Estelline, South Dakota on Saturday morning, March 17, 1979. Appellant went to the ranch house and talked with Eunice Gorder. He and Nelson then unhooked a horse trailer from behind the pickup and left the trailer on the Gorder premises.

After spending the night in Miller, South Dakota, the three traveled to Bismarck, North Dakota, and stole a horse trailer. They returned with the trailer to the Gorder ranch in Estelline the following Monday, March 19, 1979. Appellant unhooked this second trailer and left it in the ranch yard. Eunice Gorder notified the sheriff. Lyle Nelson, Marcia Lord, and appellant were apprehended a short time later.

The trial court determined appellant to be indigent and appointed counsel. After a trial by jury, appellant was convicted of grand theft. Immediately after the sentence was pronounced, appellant's trial counsel informed the court that appellant intended to appeal his conviction. Appellant again requested his trial counsel to appeal about twenty-seven days later. Trial counsel failed to file a notice of appeal within thirty days after the judgment was signed as required under SDCL 23A–32–15. Appellant filed a petition for post-conviction relief in the circuit court. The petition was denied. Subsequently, the circuit court and this court refused to issue a certificate of probable cause. Appellant then filed a writ of habeas corpus with the United States District Court for the District of South Dakota, alleging ineffective assistance of counsel. The District Court entered an order directing that a writ of habeas corpus be issued commanding the release of appellant; however, the issuance of the writ was stayed for ninety days. The State requested this court to issue a certificate of probable cause for an appeal of the trial court's order denying appellant's petition for post-conviction relief. We issued a certificate of probable cause. The District Court ordered that the issuance of the writ of habeas corpus be stayed until all proceedings in the State courts were completed.

We begin with two premises in reviewing appellant's contention that he was denied a fair trial due to ineffective counsel: (1) an attorney is presumed competent, and (2) the party alleging incompetence has a heavy burden in establishing ineffective assistance of counsel. *State v. McBride*, 296 N.W.2d 551 (S.D.1980); *Brim v. State*, 290 N.W.2d 680 (S.D.1980); *State v. Pieschke*, 262 N.W.2d 40 (S.D.1978); *State v. Roth*, 84 S.D. 44, 166 N.W.2d 564 (1969).

This court's function is not to second guess the tactical decisions of the trial attorney and we will not substitute our own theoretical judgment for that of the defense counsel who has dealt with appellant in an attorney-client relationship. *State v. McBride, supra; State v. Walker*, 287 N.W.2d 705 (S.D.1980); *State v. Brown*, 285 N.W.2d 848 (S.D.1979). A criminal defendant, however, is entitled to adequate and effective counsel, and "a mere perfunctory and casual representation does not satisfy the constitutional guaranty to the effective assistance of counsel." *State v. Pieschke*, 262 N.W.2d at 45. *See also State v. McBride, supra; Crowe v. State*, 86 S.D. 264, 194 N.W.2d 234 (1972). This court should not hesitate to reverse a conviction if the record reveals that a defendant was not afforded the effective assistance of counsel. *State v. McBride, supra.*

First, appellant alleges that the ineffectiveness of his trial counsel is indicated by counsel's failure to request a precautionary jury instruction regarding the reliability of accomplice testimony. Appellant alleges that Marcia Lord was his accomplice and that she was the only individual to give testimony which directly linked appellant with the theft.

At trial, Marcia Lord testified that she, Lyle Nelson and appellant arrived at a farm house near Estelline on Saturday, March 17, 1979. They then traveled to Bismarck and took a horse trailer. They returned with the trailer to Estelline the following Monday, March 19, 1979. Lord disclaimed at trial any responsibility for the theft, but admitted she knew they were stealing the trailer in Bismarck. The evidence presented at trial by the other six witnesses was circumstantial evidence that tended to corroborate her testimony. Lord was granted immunity from prosecution for her involvement in the theft and from certain drug dealings in Brookings, South Dakota.

We have held that "[a]n accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial. To render one an accomplice he must in some manner knowingly and with criminal intent participate, associate or concur with another in the commission of a crime." *State v. Johnson*, 81 S.D. 600, 606, 139 N.W.2d 232, 236 (1965). Something more than mere presence at the time and place where the crime is committed is required to make one an accomplice, however. *State v. Johnson, supra.* Depending on the state of the evidence, the question of whether one is an accomplice may be a question of law for the court or one of fact for the jury to determine. *State v. Hoadley*, 319 N.W.2d 505 (S.D. 1982); *State v. Johnson, supra.*

Sufficient evidence was presented at trial to potentially determine that Lord was an accomplice. Lord admitted that she was present when the trailer was taken in Bismarck and that she knew they were stealing the trailer. *Cf. State v. Nelson*, 310 N.W.2d 777 (S.D.1981) (this court acknowledged Lord as an accomplice of Nelson in this same transaction). The evidence regarding whether Lord was appellant's accomplice was at least sufficient to submit the question to the jury. *State v. McBride, supra.*

In *State v. Beene*, 257 N.W.2d 589 (S.D. 1977), we held that it was reversible error for the trial court to fail upon request to give a cautionary instruction concerning accomplice testimony whenever the trial testimony is sufficient to warrant the conclusion upon the part of the jury that a witness implicating a defendant was an accomplice. *See also State v. Spoonemore*, 287 N.W.2d 109 (S.D.1980). Also, we note that counsel in this case failed to request a jury instruc-

tion regarding the necessity of corroboration of accomplice testimony under SDCL 23A–22–8. *See State v. Douglas*, 70 S.D. 203, 16 N.W.2d 489 (1944).

Lord's testimony was of crucial importance to the outcome of this case. As in *State v. McBride, supra*, by not requesting that the jury be instructed to consider with caution the testimony of an accomplice, appellant's counsel at trial omitted a defense which might have negated Lord's damning testimony and reduced appellant's chances of conviction. We cannot envision an advantage which could have been gained by withholding a request for this instruction.

■ Second, trial counsel failed to timely file a notice of appeal. The evidence is undisputed that appellant twice requested his trial counsel to appeal his conviction prior to the expiration of the time for appeal. Trial counsel testified that he did not file a timely appeal because he was negotiating with North Dakota to drop a charge involving the same incident, providing appellant did not appeal the South Dakota conviction. However, on about September 6, 1979, appellant again requested his attorney to file an appeal regardless of the actions of the North Dakota court. Trial counsel still had time on that date to perfect a timely appeal but failed to do so because he was not aware "that the South Dakota Legislature had recently reduced the time within which an appeal could be filed from sixty to thirty days from the date of conviction." Many federal and state courts have held that the failure of counsel to timely file a notice of appeal when instructed by one's client to do so constitutes a deprivation of the client's constitutional right to effective assistance of counsel. *See, e.g., Blanchard v. Brewer*, 429 F.2d 89 (8th Cir. 1970); *Leventhal v. Gavin*, 396 F.2d 441 (9th Cir. 1968); *Dillane v. United States*, 350 F.2d 732 (D.C.1965); *Hines v. United States*, 237 A.2d 827 (D.C. 1968); *State v. Scott*, 492 S.W.2d 168 (Mo. App.1973); *Shipman v. Gladden*, 253 Or. 192, 453 P.2d 921 (1969). Failure to appeal within the prescribed time cannot be viewed as a strategic move on the part of the attorney. *Hines v. United States, supra.*

■ In this instance, post-conviction relief under SDCL 23A–34–1 is insufficient to cure trial counsel's error in failing to timely appeal, because counsel also failed to request jury instructions regarding the reliability of accomplice testimony. In *Rauscher v. State*, 292 N.W.2d 106 (S.D.1980), this court noted that only those errors in the giving of jury instructions which rise to constitutional dimensions are reviewable in post-conviction proceedings. The standards for determining whether there was a constitutional violation include "whether objections were made at trial to the given instructions and whether other instructions were requested." *Id.* at 108. Here, trial counsel did not request the trial court to instruct the jury on accomplice testimony; therefore, we are precluded from reviewing the alleged jury instruction errors other than to determine whether appellant received ineffective assistance of counsel.

In the case before us, trial counsel's failure to request a precautionary jury instruction regarding the reliability of accomplice testimony and his failure to timely appeal from appellant's conviction are evidence of his failure to protect the interests of appellant. The right of an accused in a criminal action to the assistance of counsel is guaranteed under Article VI, § 7 of the South Dakota Constitution and the Sixth Amendment of the United States Constitution. This means adequate and effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. McBride, supra; State v. Pieschke, supra.*

We have reviewed appellant's other contentions regarding improper jury instructions and find them to be without merit. In light of the circumstances before us, we find that appellant was denied adequate and effective assistance of counsel and we reverse and remand for a new trial.

All the Justices concur.