**Benjamin Franklin FREEMAN, Appellant,**

v.

**Walter LEAPLEY, Warden of the South Dakota State Penitentiary, Appellee.**

No. 18256.

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1993.

Decided July 27, 1994.

Jack Gunvordahl of Gunvordahl & Gunvordahl, Burke, for appellant.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for appellee.

AMUNDSON, Justice.

Benjamin Franklin Freeman appeals an order quashing a writ of habeas corpus. We affirm.

## FACTS/PROCEDURAL HISTORY

Freeman was charged with grand theft of an automobile. Gwendolyn Laprath was appointed to represent him. Before trial, Laprath filed a motion for change of venue and a motion to suppress testimony from David Primeaux, Freeman's accomplice in the grand theft. The trial judge denied both motions. The case proceeded to a jury trial and Freeman was found guilty. We will outline and discuss the pertinent facts later in this opinion. We affirmed Freeman's conviction on direct appeal. *State v. Freeman,* 487 N.W.2d 629 (1992).

On August 18, 1992, represented by Jack Gunvordahl, Freeman filed a petition for writ of habeas corpus. After a hearing on the matter, at which no witnesses testified, the circuit court entered an order quashing the writ of habeas corpus. The circuit court issued a certificate of probable cause and Freeman initiated this appeal.

## DECISION

Before a petitioner may succeed on an ineffective assistance of counsel claim he must fulfill the two-prong test stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and prove that trial counsel's performance was deficient and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington,* supra; *Boykin v. Leapley,* 471 N.W.2d 165, 167 (S.D. 1991); *Gross v. Solem,* supra; *Roden v. Solem,* 431 N.W.2d 665 (S.D.1988); *Luna v. Solem,* 411 N.W.2d 656 (S.D.1987); *Jones v. State,* 353 N.W.2d 781 (S.D.1984). *Wabasha v. Leapley,* 492 N.W.2d 610, 611–12 (S.D.1992).

The United States Supreme Court recently clarified the "prejudice" analysis to be applied in ineffective assistance of counsel cases. It is not enough for the criminal to show that the outcome would have been different. The Supreme Court explained:

[A]n analysis focussing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Lockhart v. Fretwell,* 506 U.S. ——, ——, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted). The Supreme

Court specified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Freeman contends his defense counsel was deficient in eight separate respects. We agree that defense counsel's representation was deficient in certain respects. However, after carefully reviewing the entire record and considering the evidence and arguments placed before the jury, we do not conclude that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Freeman contends his defense counsel was deficient in the following respects.

1. *Defense counsel should have requested a jury instruction on accomplice testimony.*

■ David Primeaux, Freeman's accomplice, testified at trial that Freeman stole the automobile. Although defense counsel tried unsuccessfully to prevent Primeaux's testimony, she did not request an instruction concerning accomplice testimony. The criminal pattern jury instructions contain a representative instruction for such situations. *See* Criminal Pattern Jury Instruction 1–14–8. It would have done no harm to Freeman's defense to request such an instruction. Therefore, it cannot be said that defense counsel made a reasonable tactical decision not to request an instruction on accomplice testimony. *See Grooms v. State,* 320 N.W.2d 149, 152 (S.D.1982) ("We cannot envision an advantage which could have been gained by withholding a request for this instruction").

2. *Defense counsel should have requested a jury instruction on corroboration of accomplice testimony.*

Primeaux was an accomplice and was allowed to testify. A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence. SDCL 23A–22–8. *State v. Sondreal,* 459 N.W.2d 435 (S.D.1990). In this case there was evidence corroborating Primeaux's testimony. Still, defense counsel should have requested a jury instruction regarding corroboration of accomplice testimony. The criminal pattern

jury instructions contain a representative instruction for such cases. *See* Criminal Pattern Jury Instruction 1–14–7. A jury instruction regarding corroboration of accomplice testimony may have strengthened Freeman's defense. Such an instruction certainly would not have harmed his defense and thus we do not believe it was a reasonable tactical decision not to request the instruction. *See Grooms,* 320 N.W.2d at 152.

3. *Defense counsel should have objected to hearsay statements which identified Freeman as the thief.*

■ State trooper Evanson testified at trial that "when I was cuffing David Primeaux, he had mentioned that Ben Freeman was the driver of the vehicle." Freeman's defense counsel did not object. Another example of unchallenged testimony which may have constituted hearsay was when Primeaux was allowed to testify that Freeman stated, "I am going to try to steal a car somewhere." State contends these statements were admissible as exceptions to the hearsay rule. State also argues the statements were offered to explain why police officers searched Freeman, not to prove that Freeman stole the car. State's arguments merely highlight the problem with counsel's failure to object. Whether either statement was hearsay requires an analysis of the hearsay rule and the exceptions thereto. Defense counsel did not object to the statements and consequently the trial court was never called upon to rule on the admissibility of the statements. Even if the statements were admissible as exceptions to the hearsay rule, defense counsel should have asked that the jury be instructed that the statements were being offered for that limited purpose.

On the other hand, one may argue that Freeman's defense counsel realized the statements were admissible as exceptions to the hearsay rule. Defense counsel may have concluded that objecting to the statements, only to be overruled by the trial court, would accomplish nothing except to draw undue attention to the damaging statements. If defense counsel was guided by such motives, her failure to object could be seen as a reasonable tactical decision. Laprath did not

testify at the habeas corpus hearing. As a result, this Court has not had the opportunity to consider defense counsel's explanation of her actual motives.

### 4. *Defense counsel should not have offered the police report which contained damaging hearsay evidence.*

Defense counsel offered into evidence a police statement which contained a transcript of questions asked to David Primeaux. Primeaux was asked: "Who took the car last night?" He responded, "He did! Ricky Freeman said he steal car to go to Norfolk!" At this point in the trial, State Trooper Evanson had already been allowed to testify that Primeaux said Freeman stole the car. Defense counsel introduced the written statement and asked numerous questions about it. From the trial transcript, it appears defense counsel was trying to show that the police officers did not undertake a thorough investigation, but rather took Primeaux's word about who stole the car. Thus, defense counsel apparently made a tactical decision to introduce the statement in an effort to attack the thoroughness of the police officers' investigation. However, one must question the reasonableness of defense counsel's tactical decision. Defense counsel could have attacked the thoroughness of the investigation without admitting the police report. By offering the written statement into evidence, she presented the jury with documentary evidence containing a statement that Freeman stole the car.

### 5. *Defense counsel should have moved for a judgment of acquittal at the close of the prosecution's case.*

■ At the completion of the prosecution's case, defense counsel did not move for an acquittal. It is possible, although extremely unlikely, that a trial judge would have granted a motion for acquittal. Such a motion was certainly not absolutely futile. Moreover, moving for acquittal would not have harmed Freeman's case in any respect. Although her failure to do so did not make a difference, there is no justification for her failure to move for judgment of acquittal.

### 6. *Defense counsel did not object to the prosecutor's questions concerning Freeman's decision to exercise his right to remain silent.*

The prosecutor asked State Trooper Heidma if he had read Freeman a card outlining his *Miranda* rights. Officer Evanson stated that he had. The prosecutor then asked: "And his response to the last question was what? Officer Evanson replied: "No, I want an attorney." Upon further questioning, Officer Evanson testified that Primeaux was read his rights and decided to talk with the police before consulting with his attorney. Defense counsel did not object to the prosecutor's questions concerning Freeman's exercise of his right to remain silent.

Defense counsel may have made a reasonable tactical decision that such testimony was not harmful to the defense. It is important to note that the trial court, in its final instructions, told the jury, "Every defendant in a criminal case has the absolute right not to testify. You must not draw any inference of guilt against the defendant because he did not testify."

### 7. *Defense counsel should have submitted an affidavit in support of her motion for change of venue.*

■ Defense counsel submitted a motion for change of venue but did not attach an affidavit in support. "Generally, a motion for change of venue must be accompanied by affidavits or other evidence in the record." *State v. Weatherford,* 416 N.W.2d 47, 52 (S.D. 1987). The trial court denied the motion for change of venue. Defense counsel should have submitted an affidavit with her motion for change of venue. However, there is no indication in the record that the motion for change of venue would have been granted if an affidavit had been attached.

### CONCLUSION

Defense counsel's representation was deficient in several respects as outlined above. However, after a careful review of the evidence in this case, we conclude that Freeman has not shown that he was denied a fair trial. Notwithstanding his defense counsel's defi-

ciencies, the evidence against Freeman was overwhelming.

Freeman and Primeaux were found walking down a county highway early one frosty morning. Freeman was carrying a box of shotgun shells and Primeaux was carrying a cassette player with earphones. Primeaux waved down Officer Evanson as he drove past. Freeman and Primeaux were cold and wanted a ride to town. They told Officer Evanson that they had been sleeping in a car down the road. They told him the car had run out of gas and the driver had caught a ride back to Yankton. Officer Evanson drove down the road and found the car. Officer Evanson's car left tracks on the frost covered road. Officer Evanson noticed that similar tracks had been left by the abandoned car. He did not observe any other automobile tracks in the vicinity. Officer Evanson testified that the manifold on the car was extremely hot. He concluded that the car had stopped very recently.

A convenience store clerk testified that Primeaux came into the store very early that same morning. He was agitated and told her he had stolen a car. It was clear from the testimony at trial that Primeaux has below average mental functioning. The convenience store clerk testified that Primeaux went out and got into a car in the parking lot. Her description of the car matches the car Freeman and Primeaux were accused of stealing. She testified that she thought Primeaux got in the driver's seat, but she could not say for certain. She testified that she did not see anyone accompanying Primeaux.

Freeman's defense was that he was not involved in the car theft. He did not attempt to dispute that he was in the stolen car. He did not attempt to dispute that the shotgun shells he was carrying came from the stolen car. Instead, his defense counsel argued that he was merely a passenger in the car and was too drunk to realize what was going on. Yet, the car's keys were recovered from his pocket. Moreover, other testimony at trial indicated that Primeaux did not know how to drive a car.

The evidence against Freeman was overwhelming. Even the flawless Perry Mason would have found it impossible to present a compelling defense. Even though there were errors on the part of defense counsel, they did not deny Freeman a fair trial. Any prejudice caused by the errors does not rise to the level to nullify the result. Affirmed.

MILLER, C.J., and SABERS, J., concur.

WUEST and HENDERSON, JJ., dissent.

HENDERSON, Justice (dissenting).

Based upon Laprath failing to request a jury instruction on accomplice testimony, failing to request a jury instruction on corroboration of accomplice testimony and failing to object to the prosecutor's questions regarding Freeman's decision to exercise his right to remain silent and then not moving for a mistrial, I cannot vote to affirm the quashing of the writ of habeas corpus.

As early as *State v. Douglas,* 70 S.D. 203, 16 N.W.2d 489 (1944), this Court recognized that the failure to give an accomplice testimony instruction and an accomplice corroboration instruction, where warranted, results in prejudicial error. Failure to initially ask for these instructions does the same damage. Although the question of whether evidence existed corroborating Primeaux's testimony was a question for the jury, they never had the chance to answer. *State v. Sondreal,* 459 N.W.2d 435, 439 (S.D.1990).

A criminal pattern jury instruction accomplice testimony and corroboration thereof could easily have been requested. The evidence certainly merited such an action by Laprath, and her failure to do so does not appear to be a tactical decision. *Grooms v. State,* 320 N.W.2d 149, 152 (S.D.1982). Had the instructions been requested and given, it might have mitigated the effect of Primeaux's testimony, hence, reducing the chances of Freeman's conviction. "No advantage could have been envisioned by appellant's counsel in withholding requests for these instructions." *State v. McBride,* 296 N.W.2d 551, 555 (S.D.1980).

When they received their *Miranda* rights, Primeaux talked, but Freeman asserted his constitutional right to remain silent. The State elicited testimony of Trooper Evanson concerning Freeman's refusal in the presence

of the jury. Freeman had the constitutional right to not incriminate himself. S.D. Const., Art. VI, § 9 clearly provides: *No person shall be compelled in any criminal case to give evidence against himself. Freeman's decision to assert his constitutional right not to incriminate himself was highlighted by the prosecutor at trial without objection.* A suspect's refusal to make a statement is not admissible evidence. *McBride,* 296 N.W.2d at 555. Comment by the prosecution concerning a defendant's silence is violative of his constitutional rights. *State v. Strickland,* 87 S.D. 522, 211 N.W.2d 575, 580 (1973) (citing *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)). Despite this basic tenet of criminal law, Freeman's counsel never objected. It is difficult to fathom why this could be denominated as a tactical decision. *Grooms,* 320 N.W.2d at 152; *Roden v. Solem,* 431 N.W.2d 665, 667 (S.D. 1988).

Today, this Court agrees that the inactions of Laprath emphasized above, along with several others, constitute error. According to the majority, Freeman's defense failed the "Perry Mason" standard. Nevertheless, *effective* counsel would have attempted to avoid prejudicial error and constitutional deprivations. These failures by counsel rendered the trial fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. ——, ———— ——, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993); *Hopfinger v. Leapley,* 511 N.W.2d 845, 847 (S.D.1994).

I am authorized to state that Justice WUEST joins this dissent.