_____

No. 95-4196
_____

Benjamin Franklin Freeman,           *
                                     *
        Petitioner-Appellee,         *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of South Dakota.
Joseph Class, Warden, South          *
Dakota State Penitentiary;           *
Mark W. Barnett, Attorney            *
General for the State of South       *
Dakota,                              *
                                     *
        Respondents-Appellants.      *

_____

Submitted:  July 11, 1996

Filed:  August 30, 1996
_____

Before FAGG, LAY, and HEANEY, Circuit Judges.

_____

LAY, Circuit Judge.


     Benjamin Franklin Freeman was convicted of grand theft by a jury in
state court.  He brought a petition for a writ of habeas corpus in state
court claiming ineffective assistance of counsel.  The petition was denied,
and on appeal, the South Dakota Supreme Court found that although counsel
was deficient, Freeman was not deprived of a fair trial.   Freeman v.
Leapley, 519 N.W.2d 615, 619 (S.D. 1994) (three-to-two opinion).  Freeman
then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254
in federal district court.  The district court granted Freeman's petition.
We affirm.


     On February 2, 1991, a 1982 Oldsmobile Firenze was unlawfully taken
in Bonesteel, South Dakota.  Later that morning, Freeman and

David Primeaux were arrested for theft of the automobile. The charges against Primeaux were dropped in exchange for his testimony against Freeman. At Freeman's trial, Primeaux testified that Freeman had stolen the car. Freeman's attorney did not request any cautionary instructions[1] concerning the weight to be given to Primeaux's testimony. In addition, defense counsel offered a police report which contained a hearsay statement that Freeman stole the automobile and failed to object to the prosecutor's statements that Freeman had exercised his constitutional right to remain silent.[2] The federal district court granted Freeman's petition for a writ of habeas corpus. The state of South Dakota timely appeals.

Discussion

In all criminal prosecutions an accused has a right to the effective assistance of competent counsel to ensure that he or she receives a fair trial. Strickland v. Washington, 466 U.S. 668, 689 (1984). A state prisoner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsel's performance is, in light of all the circumstances, outside the range of professionally competent assistance. Second, the defendant must show actual prejudice, i.e., that there existed not only a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt, but that the proceeding was rendered unfair or unreliable. Lockhart v.

---

[1] Under state law, Freeman was entitled to an instruction on corroborating evidence and an instruction on accomplice testimony. See S.D. Codified Laws Ann. § 23A-22-8 (1994); S.D. Pattern Jury Instructions (SDPJI) 1-14-8 (rev. Sept. 1990).

[2] Freeman's habeas petition also contained other claims of ineffective assistance of counsel. Specifically, that defense counsel failed to move for a directed verdict, failed to submit any authority to substantiate a motion for change of venue, and failed to object to other hearsay statements.

-2-

<u>Fretwell</u>, 506 U.S. 364, 369 (1993).

The state initially argues the district court misapplied the <u>Strickland</u> analysis in each of Freeman's claims of ineffective assistance of counsel. Specifically, because of a single citation to <u>State v. Beene</u>, 257 N.W.2d 589, 592 (S.D. 1977), the state urges that rather than applying the "reasonable probability" standard, the district court applied an erroneous "had some effect" standard and therefore must be reversed. A thorough review of the district court's opinion shows this argument is without merit. Furthermore, a review of the record as a whole compels the conclusion that Freeman's attorney's performance was constitutionally deficient, and that such deficiency constituted actual prejudice to Freeman.

<u>Cautionary Instruction</u>

The district court, in a thoughtful and well reasoned opinion, thoroughly analyzed each of Freeman's claims and found that five of the seven satisfied the <u>Strickland</u> test. We need only pass on the more egregious claims. In assessing Freeman's first claim that his attorney's failure to request a cautionary instruction regarding the accomplice testimony was deficient and highly prejudicial, the district court did state, citing <u>Beene</u>, that "[f]ailure to give a cautionary instruction in all probability produced some effect upon the jury verdict." <u>Freeman v. Class</u>, 911 F. Supp. 402, 406-07 (D.S.D. 1995). Notwithstanding this passing reference, the district court went on to correctly analyze the claim under the proper standard set forth in <u>Strickland</u> and <u>Hill</u>, and found that Freeman's trial counsel was "remiss in not requesting a cautionary instruction[,]" that such "[f]ailure . . . was highly prejudicial to the petitioner to the extent <u>that the fundamental fairness of the proceeding</u> and the conviction was undermined[,]" and that had the jury been properly instructed, there was "a strong probability that the result of the trial would have been different." <u>Freeman</u>, 911 F. Supp. at 407 (our emphasis).

The only direct evidence in the record linking Freeman to the theft of the automobile is the testimony of the accomplice, David Primeaux. There were no eyewitnesses. There were no fingerprints. On the contrary, a convenience store clerk testified that Primeaux came into the store early in the morning looking for a map, and "[h]e told me that he had stolen a car, literally told me that." J.A. at 206a. She testified that she thought she saw Primeaux drive away, and did not see anyone else in the vehicle. A short while later, both Primeaux and Freeman were found walking down a South Dakota highway approximately one-quarter mile from where the stolen car was subsequently found. Primeaux was carrying a box of shotgun shells that had been taken from the automobile, and a set of the vehicle's keys were later found in Freeman's pocket.

The evidence at trial revealed that Primeaux was to have the charges against him dismissed if he testified against Freeman. Under South Dakota law, a defendant is entitled to a special cautionary instruction on the credibility of accomplice testimony. See S.D. Pattern Jury Instructions (SDPJI) 1-14-8. Furthermore, South Dakota law provides that a conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. S.D. Codified Laws Ann. § 23A-22-8 (1994).[3]

The state's case hinged on Primeaux's testimony. The weight given to his testimony was crucial to the outcome of the case. As found by the South Dakota Supreme Court, there is no reasonable trial strategy for failing to request the cautionary accomplice testimony instruction and corroboration instruction. Freeman, 519 N.W.2d at 617; see Grooms v. State, 320 N.W.2d 149, 152 (S.D. 1982). The court observed: "We cannot envision an advantage which

---

[3]As the dissenting judges observed in Freeman, 519 N.W.2d at 619, failure to give an accomplice testimony and corroboration instruction is prejudicial error. State v. Douglas, 16 N.W.2d 489 (S.D. 1944).

-4-

could have been gained by withholding a request for th[ese] instruction[s.]" Freeman, 519 N.W.2d at 617. However, the state court reasoned that there was overwhelming evidence of guilt,[4] thereby rendering counsel's errors harmless. The record does not support this conclusion.

Failure to make the requests was highly prejudicial to Freeman to the extent that the fundamental fairness of the proceeding and the conviction was undermined. Had the jury been properly instructed, it may well have discredited Primeaux's testimony, which was the only direct evidence that linked Freeman to the theft of the car. See Grooms, 320 N.W.2d at 152. Moreover, counsel's failure to make such requests deprived Freeman of a jury that would give appropriate analysis to the evidence presented.[5] The trial court was correct in concluding that there existed not only a reasonable probability that, absent counsel's error, the jury would have had a reasonable doubt respecting Freeman's guilt, but that Freeman was denied a fair trial.

Hearsay Evidence

At trial, defense counsel introduced a police statement which contained a transcript of questions asked to David Primeaux. Primeaux was asked: "Who took the car last night?" Primeaux responded, "He did! Ricky Freeman said he steal car . . . ."

---

[4]The court emphasized that the car keys were found in the defendant's pocket and there was other testimony indicating Primeaux did not know how to drive the automobile. This evidence is not overwhelming when considered with the convenience store clerk's testimony that Primeaux admitted that he stole the automobile to her and that she thought she saw him open the driver's side of the automobile to drive away.

[5]While there is circumstantial evidence linking Freeman to the crime, whether evidence exists that corroborates an accomplice's testimony is a question for the jury. State v. Sondreal, 459 N.W.2d 435, 439 (S.D. 1990).

-5-

Def.'s Ex. A. at 1. By this point in the trial, a South Dakota State Trooper had already been allowed to testify that Primeaux said Freeman stole the car.[6] Defense counsel then offered the written statement into evidence and asked a number of questions about it.

The state asserts that introduction of this exhibit was a reasonable trial strategy. It claims that given Primeaux's limited mental faculties, defense counsel attempted to attack the credibility of Primeaux's testimony at trial and statements given to the State Trooper by showing that Primeaux was incapable of understanding the written statement. Moreover, the state contends that even if counsel was deficient in introducing the exhibit, there was no prejudice.

We reject the state's argument, and agree with the district court that defense counsel's offering of the report that contained a hearsay statement that Freeman stole the car was not a reasonable trial strategy.[7] cf. Freeman, 519 N.W.2d at 618 ("[O]ne must

---

[6]Defense counsel failed to object to these statements. Arguing against his state habeas petition, the state contended that the statements were exceptions to the hearsay rule. The South Dakota Supreme Court stated:

> State's arguments merely highlight the problem with counsel's failure to object. Whether either statement was hearsay requires an analysis of the hearsay rule and the exceptions thereto. Defense counsel did not object to the statements and consequently the trial court was never called upon to rule on the admissibility of the statements. Even if the statements were admissible as exceptions to the hearsay rule, defense counsel should have asked that the jury be instructed that the statements were being offered for that limited purpose.

Freeman, 519 N.W.2d at 617.

[7]When trial counsel offered the report into evidence, the prosecutor did not object and indicated that he would have submitted it himself had he thought there would be no objection. Tr. at 270.

-6-

question the reasonableness of defense counsel's tactical decision."). By offering the written statement into evidence, defense counsel presented the jury with documentary evidence containing a statement that Freeman stole the automobile.[8] Her action in doing so is almost incredible. Absent introduction of this exhibit, the jury could have reached the conclusion that other than Primeaux's testimony, the only evidence linking Freeman to the theft of the stolen automobile was the keys found in his pocket. There is a reasonable probability that, absent this error, the jury would have had reasonable doubt respecting Freeman's guilt. Defense counsel's introduction of the exhibit rendered the proceeding unreliable. <u>Lockhart</u>, 506 U.S. at 369.

Post-Miranda Silence

During the trial, on three occasions, the prosecutor elicited testimony from the State Trooper and Deputy Sheriff concerning Freeman's exercise of his constitutional right to remain silent after being given his <u>Miranda</u> warning. In addition, the prosecutor himself made reference to Freeman's right to remain silent, and alluding to Freeman's silence in closing arguments, stated that while individuals have the right to remain silent, Primeaux cooperated and did not exercise that right. Defense counsel did not object, nor move for a mistrial.

The state contends that defense counsel's actions were not deficient, and further, that Freeman cannot establish prejudice. Except for an "isolated" reference to Freeman's post Miranda silence, the state argues the references and comments in question

---

[8]As the district court noted, introduction of the document by the defense was particularly damaging. Had it come from the prosecution, the jury may not have given it much weight, whereas, in this situation, they would be more inclined to treat it as indistinguishable to an admission by the defense. <u>Freeman</u>, 911 F. Supp. at 408.

were in direct response to defense counsel's legitimate but unsuccessful trial tactics.[9]  Additionally, the state asserts that the prosecutor's reference to Freeman's post-<u>Miranda</u> silence in his closing argument was proper, because the prosecutor did not intend to obtain an inference of guilt from Freeman's silence, rather, he made the statement to bolster Primeaux's credibility.  We disagree.

A defendant has a constitutional right to remain silent, and under <u>Griffin v. California</u>, 380 U.S. 609 (1965), a prosecutor is prohibited from commenting on the accused's post arrest silence. <u>Id.</u> at 615; <u>see</u> <u>United States v. Harris</u>, 956 F.2d 177, 181 (8th Cir.) ("Reference to the silence of an accused usually is impermissible, because it is fundamentally unfair for the government to induce silence through Miranda warnings and then later use this silence against the accused."), <u>cert. denied</u>, 506 U.S. 827 (1992).  While limited exceptions to this rule may exist, <u>see, e.g.</u>, <u>Amirault v. Fair</u>, 968 F.2d 1404 (1st Cir.), <u>cert. denied</u>, 506 U.S. 1000 (1992), they are not relevant here.

In this case, defense counsel's inaction allowed the jury to equate Freeman's silence with guilt.  <u>See</u> <u>State v. McBride</u>, 296 N.W.2d 551, 555 (S.D. 1980).  There was no reasonable tactical bases not to object to these comments.  On the contrary, a motion for a mistrial would have been appropriate and should have been made.  A review of the record shows the state's argument that the comments and references to Freeman's silence were a "fair response" to defense counsel's strategy is misplaced.  Two of three references elicited by the prosecution were made during the prosecution's case-in-chief on direct examination, thus, could not have been in response to any defense tactics.  <u>cf.</u> <u>United States v. Tenorio</u>, 69 F.3d 1103, 1107 (11th Cir. 1995) (Edmondson, J,

---

[9]For whatever reason, the state did not call petitioner's trial counsel as a witness in the habeas hearing in federal court. Any reliance on the trial counsel's strategy for failure to object is pure speculation.

concurring) (reaffirming that introduction of post-<u>Miranda</u> silence in prosecution's case-in-chief is constitutional error). One of the direct references by the prosecution was in an erroneous objection during cross examination.[10]

Finally, the state's argument that the prosecutor's reference to Freeman's post-<u>Miranda</u> silence in his closing argument was meant to bolster Primeaux's testimony, not draw an adverse inference as to Freeman's guilt is specious. In the context of this case, it was impossible to do one without the other. The message sent by the prosecutor to the jury was clear: Primeaux cooperated with the police by talking with them after his <u>Miranda</u> warning, therefore he must be telling the truth. Freeman, on the other hand, exercised his right to remain silent, therefore he must have something to hide. When a prosecutor, on his own initiative, asks the jury to draw a negative inference from a defendant's silence, <u>Griffin</u> holds that the privilege against compulsory self-incrimination is violated. <u>United States v. Robinson</u>, 485 U.S. 25, 32 (1987). Defense counsel's actions clearly prejudiced Freeman. <u>McBride</u>, 296

---

[10]The following exchange occurred when Freeman's counsel cross examined the Deputy Sheriff who had been involved in Freeman and Primeaux's arrest:

[MRS LAPRATH]: Why didn't you ask Mr. Primeaux if he was driving that car? He is [sic] talking to you.

MR. JACOBSEN: Your Honor, I would object. This witness has testified that he previously gave Mr. Freeman the opportunity to visit with him pursuant to question number six of the Mirranda [sic] Warning and that Mr. Freeman refused.

THE COURT: That's not what she's asking. She's asking why they didn't ask Mr. Primeaux, isn't that right?

MRS. LAPRATH: Yes.

MR. JACOBSEN: I apologize.

THE COURT: Overruled, answer the question.

Tr. at 265.

N.W.2d at 555. Furthermore, we are not persuaded by the state's argument that the evidence against Freeman was overwhelming. The South Dakota Supreme Court places a great deal of weight on the fact that the defendant did not take the stand to refute (1) that he was "in" the stolen automobile, and (2) that the shells found on his person came from the stolen automobile. A review of the record, however, shows that the shells were found on Primeaux. Tr. at 223. Second, this evidence is highly equivocal as to whether Freeman stole the automobile. It does not become overwhelmingly incriminating merely because Freeman exercised his constitutional right to remain silent or to not testify at trial.

Upon appraisal of several of Freeman's claims, specifically, defense counsel's introduction into evidence of the police report containing hearsay statements, failure to request cautionary instructions to which Freeman was entitled under state law, and failure to object or move for mistrial based on the prosecution's improper comments regarding Freeman's post-<u>Miranda</u> silence, we find that Freeman was denied effective assistance of counsel and satisfied the tests established by <u>Strickland</u> and <u>Lockhart</u>. Under the circumstances, defense counsel's deficient performance was clearly prejudicial to the defendant and rendered the proceedings at trial fundamentally unfair.

The judgment of the district court is AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-