Reginald GANT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65810.

Missouri Court of Appeals,
Western District.

Jan. 23, 2007.

Frederick J. Ernst, Assistant Appellate Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell and Jaime Wilson Corman, Assistant Attorneys General, Jefferson City, MO, for respondent.

Before HOWARD, C.J., and ELLIS and SMITH, JJ.

VICTOR C. HOWARD, Chief Judge.

After waiving a jury trial, the court convicted Reginald Gant for drug trafficking in the second degree pursuant to RSMo section 195.223.3.[1] In an unpublished opinion, this court denied relief on direct appeal. Gant now seeks relief under Rule 29.15.[2] He argues his trial counsel was ineffective by introducing evidence that was necessary for a finding of probable cause to arrest and failing to object to the State's untimely amendment of the information.

### Background

The current case centers on the arrest of Gant outside a motel room in which crack cocaine had been found. After his arrest, police searched Gant and found additional crack cocaine in his coat pocket. He then made incriminating statements. Gant argues the police arrested him without probable cause and, had he been afforded sufficient representation, there is a reasonable probability the court would have excluded the compromising evidence.

---

1. All citations to statutes refer to Revised Missouri Statutes (2000) unless otherwise noted.

2. All citations to rules refer to Missouri Supreme Court Rules (2006) unless otherwise noted.

██ Staff at a motel in St. Joseph, Missouri, found a gun and what appeared to be crack cocaine in a shoe while cleaning a room. They reported their find to the police. The room had been rented to a short, stocky black man—Edward Booth. The motel had a copy of his driver's license. Booth and a woman identified as Patricia Brown, but not Gant, paid for the room. Booth and Gant do not look like each other. Several police officers, including Investigator Howard Judd, set up surveillance in a room next to the room where the drugs and gun were found. Their aim was to arrest anyone attempting to enter the room where the contraband was found.[3]

At both trial and the suppression hearing, the State offered only the testimony of Investigator Judd to demonstrate it had probable cause to arrest Gant. He testified Gant parked in front of the motel and walked towards the room with a key in his hand. Gant was the only occupant of the car. Gant did not do anything illegal or suspicious from the time he left his car as he approached the motel. When Gant approached the suspect room, the police, with their guns drawn, left the adjacent room to arrest Gant. The police ordered him to freeze as soon as they exited their room. Gant moved his hand to his coat pocket and was tackled by the police. The police then searched Gant incident to arrest and found crack cocaine in his coat pocket. After the arrest, police determined that the key he held opened the door to the room where the drugs were found.[4] The trial court concluded that the search was lawful.[5]

The State charged Gant with felony trafficking in the second degree under section 195.223.3 for the drugs found in his coat pocket. He was not charged with possession of the gun or drugs found in the motel room. After the State submitted its evi-

---

**3.** When trial counsel questioned Judd why Gant was placed under arrest, Judd responded, "Investigation of possession of cocaine." This answer is troubling, although not especially pertinent to our analysis. "An arrest not on a legal charge but for investigation, simply to afford the police officers time and opportunity to investigate and amass facts sufficient to constitute probable cause, is not lawful." *State v. Hicks,* 515 S.W.2d 518, 522 (Mo.1974). Nevertheless, "an officer's subjective motivation for making an arrest is immaterial where the police conduct, assessed objectively, falls within the requirements of the Fourth Amendment." *State v. Mease,* 842 S.W.2d 98, 105 (Mo. banc 1992).

**4.** On direct appeal, Gant paid little attention to the probable cause standard. "Mr. Gant mistakenly views his encounter with police officers and their discovery of the crack cocaine in light of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *State v. Gant,* 121 S.W.3d 547 (Mo.App.W.D. 2003) (Memorandum of Reasons).

**5.** The trial court misapprehended the applicable legal standard. It incorrectly employed a reasonable suspicion—*Terry* stop standard.

At the close of trial, the court ruled on Gant's motion to exclude evidence from the stop. It stated:

> I wanted to touch a little bit on the issue, too, about the constitutionality of the stop because I'd ruled against it but I'd never actually given my basis. And so, the basis for that ruling was that the Court finds that the officers had *reasonable suspicion to stop* Mr. Gant based upon the infinite knowledge they had that from the motel personnel that there was something that they believed to be drugs in that room; that it turned out Mr. Gant was the person who came to that room, had the key, was about to put the key into the door when he was stopped. And at that point I believe that because of that that they had *reasonable suspicion* to believe that Mr. Gant had committed or was about to commit a crime. (Emphasis added.)

The use of this standard is fallacious. Both Gant's suggestions in support of the suppression motion and the State's suggestions in opposition apply a full arrest, probable cause, standard.

dence, but prior to resting, it amended the information to charge Gant with possession of "cocaine base" rather than "cocaine." Trial counsel did not object stating, "I understand the State has a right to amend the Information at any time prior to its closing, Your Honor, so we have no objection to that."

### Standard of Review

Our review of the motion court's denial of relief under Rule 29.15 is limited to determining whether its findings and conclusions are clearly erroneous. Rule 29.15(k). Clearly erroneous findings and conclusions are those that leave a definite and firm impression that a mistake has been made. *State v. Schaal,* 806 S.W.2d 659, 667 (Mo. banc 1991). We will presume the motion court's findings and conclusions are correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

An ineffective assistance of counsel claim will only be successful if the defendant establishes that the performance of his trial counsel did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that he was prejudiced by that poor performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice will generally be found where there is a reasonable probability that but for trial counsel's deficient performance, a different result would have been achieved. *State v. Timmons,* 956 S.W.2d 277, 283–84 (Mo.App. W.D.1997). Alternatively, prejudice will also be found where the deficient representation " 'undermines confidence in the outcome of the trial.' " *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (citation omitted).

### Analysis

Central to Gant's defense was his unsuccessful motion to suppress the fruits of the search incident to arrest.[6] Without exclusion of the drugs found in his coat pocket during the search incident to arrest and the incriminating statements he made after the arrest, a conviction was virtually inevitable.

■ The State has the burden of production and persuasion to show by a preponderance of the evidence that a motion to suppress should be overruled. Section 542.296.6. Probable cause, generally required for warrantless arrests, will be found if "the facts within the arresting officers' knowledge [are] sufficient to warrant a man of reasonable caution in a belief that an offense has been or is being committed." *State v. Moore,* 659 S.W.2d 252, 255 (Mo.App. W.D.1983) (internal citations omitted). Furthermore, the officer must hold a belief that the person he is arresting is the same person guilty of the offense. *Id.*

■ A defendant's presence on or near premises where drugs have been located is insufficient to amount to probable cause in the absence of evidence of either exclusive control of or some connection with the contraband. *State v. Martin,* 929 S.W.2d 267, 269 (Mo.App. S.D.1996). "[W]here an accused has exclusive control of premises, he is deemed to have possession and control of contraband found therein. However, where control is not exclusive (as in joint occupancy), a similar inference does not arise absent further evidence connecting the accused with the drugs." *Id.* (internal citations omitted). *See also State v. Moore,* 659 S.W.2d at 257. The State presented no evidence to con-

---

**6.** Trial counsel's secondary strategy drew attention to the State's burden of proving the defendant knew the substance he was carrying was illegal. No evidence was introduced on the subject in the current appeal.

nect Gant with the contraband found in the hotel room. The fact that Gant attempted to enter the hotel room where the police had located drugs is insufficient evidence, standing alone, to arrest Gant.

 Facts, which would tend to show the defendant is guilty of a crime discovered after the arrest, cannot be used to bolster an insufficient prior showing of probable cause. *State v. Hicks*, 515 S.W.2d 518, 520–22 (Mo.1974). An arrest can occur by either actual physical restraint or by a show of authority such that, under all the circumstances, a reasonable person would believe he was not free to leave or terminate the encounter with the police. *Kaupp v. Texas*, 538 U.S. 626, 629, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003); *State v. Richmond*, 133 S.W.3d 576, 581 (Mo.App. S.D.2004). However, a suspect is not arrested while being pursued by police. *State v. McKeehan*, 894 S.W.2d 216, 220 (Mo.App. S.D.1995). Gant was arrested when the police ordered him to freeze with their guns drawn and he submitted.

 Trial counsel was constitutionally deficient by seeking testimony that advanced the State's position where the State submitted insufficient evidence to prove probable cause. Rather than resting on the basis that the State did not make a showing of probable cause at the suppression hearing, trial counsel inexplicably introduced additional information, which supported a finding of probable cause.

The State, without assistance from trial counsel, did not demonstrate an adequate showing of probable cause. At the suppression hearing, the State presented evidence that the police knew a gun and drugs had been found in the room. The police then arrested Gant as he approached the room with a key in hand.

The police knew Gant was entering a room where drugs had been found. They presented no evidence of his connection to that room.[7]

On cross-examination at the suppression hearing, trial counsel questioned the State's only witness, Investigator Judd, about his recognition of Gant. Trial counsel brought forward, occasionally with leading questions, that Judd had a rough description of Gant's age, race, body type, and protruding upper gold teeth and that Gant was connected to other drug activity. The State presented no evidence on Judd's recognition of Gant. Our finding that the police did have probable cause to arrest Gant on direct appeal relied heavily upon the facts introduced by Gant's own trial counsel. *State v. Gant*, 121 S.W.3d 547 (Mo. App.W.D. 2003) (Memorandum of Reasons). A motel employee's description of a skinny black man being connected with the room, the recognition of Gant's vehicle, and his description by police informants of a similar profile being connected with drug activity elsewhere in St. Joseph were significant facts in this court's finding of probable cause on direct appeal. Defense counsel, not the State, introduced these facts. Trial counsel's cross-examination was thus a necessary component to a finding of probable cause; without the cross-examination of Investigator Judd, there was a reasonable probability that evidence gained through the arrest of Gant would have been excluded.

 Trial counsel's admission of evidence tending to support the State's position can be a significant factor in finding ineffective assistance of counsel. In *Poole v. State*, 671 S.W.2d 787, 789 (Mo.App. E.D.1983), defense counsel inexplicably called two police officers that used hearsay testimony to name the defendant as the

---

7. Judd provided a substantially similar version of events at trial.

shooter. In *Freeman v. Class,* 95 F.3d 639, 642–644 (8th Cir.1996), defense counsel made numerous errors at trial which could not be considered reasonable trial strategy including failing to object to the State's improper arguments, failure to seek a cautionary instruction, and admitting into evidence hearsay evidence which bolstered the State's argument.

Trial counsel's elicitation of evidence that supported the State's case constitutes conduct falling below that of a reasonably competent and diligent attorney.[8] This error created a trial outcome, which has impermissibly been drawn into substantial question. *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).[9] Furthermore, the reliability of the trial was significantly called into question by the trial counsel's use of information that supported the State's case. *State v. Kidd,* 75 S.W.3d 804, 814 (Mo.App. W.D. 2002) (*citing Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

Gant also argues his trial counsel was ineffective for failing to object to the State's request to amend the information after all evidence had been admitted. We need not reach this point. We reverse the judgment, vacate the conviction and sentence, and remand for a new trial. The State may proceed on the amended information or, after dismissing the original information, the State may proceed on a new information. Because the State may proceed on a new information, a further discussion of the prior, amended information is unnecessary. *See State v. Greathouse,* 789 S.W.2d 50, 53 (Mo.App. W.D. 1990).

### Conclusion

Mr. Gant was denied effective assistance of counsel as mandated by *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). His representation fell below the degree of skill, care, and diligence of a reasonably competent attorney, and there is a reasonable probability he suffered prejudice due to this deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We reverse and remand for a new trial.

ELLIS and SMITH, JJ., concur.

---

**8.** Gant also argues that his trial counsel was ineffective in failing to adequately investigate, produce evidence, and cross-examine. We do not reach these issues.

**9.** We are sufficiently convinced that Gant still suffered prejudice even though the State had additional opportunity to admit further evidence tending to show probable cause. The State only rested its case after trial counsel cross-examined Judd. One might argue Gant was not prejudiced because had trial counsel not demonstrated probable cause, the State could have then introduced additional evidence demonstrating probable cause. The possibility that the State could have introduced additional evidence, had trial counsel not done so, is speculative. We have no evidence that the State was prepared to present additional evidence. Although we cannot be certain, there is a reasonable probability that trial counsel's baffling cross-examination prejudiced Gant.